IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA LEE WEST, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| AARON STRONG, CITY ) | CASE NO.  1:21-cv-2230 |
| OF NEW CASTLE, INDIANA, ) | |
| AND CITY OF NEW ) | |
| CASTLE POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

The plaintiff, Joshua Lee West, now comes before the Court and for cause of action against the defendants, Aaron Strong, the City of New Castle, Indiana, and the City of New Castle Police Department, states the following:

### GENERAL ALLEGATIONS

1. This is an action brought by the plaintiff to redress the deprivation under color of law of rights assured to the plaintiff, Joshua Lee West, under the Constitution of the United States, pursuant to 42 U.S.C. §1983.

2. Plaintiff also asserts a cause of action against the defendants for the personal injuries sustained by the plaintiff, Joshua Lee West, as a result of acts and omissions of the defendants under applicable doctrines of Indiana state law.

3. This Court has original subject matter jurisdiction of the claims asserted under federal law pursuant to 28 U.S.C. §1333 and §1343.

4. This Court has supplemental jurisdiction over the claims brought against the defendants under Indiana state law pursuant to 28 U.S.C. §1367.

5. Venue in the Indianapolis Division of this Court is appropriate because the plaintiff resides in this Division, the defendant Strong resides in this Division, the defendants City of New Castle and the City of New Castle Police Department are political subdivisions situated in this Division, and the events at issue in this action occurred in this Division.

6. On or about February 6, 2020, plaintiff timely served upon the governmental defendants his Notice of Tort Claim in full compliance with all applicable Indiana statutes. More than ninety days have passed since said notices were served.

7. The plaintiff, Joshua Lee West, is a resident of the City of New Castle, Henry County, Indiana.

8. The defendant, Aaron Strong, is a resident of Henry County, Indiana, residing at 6845 East County Road 300 North, Mooreland, Indiana, and at all relevant times was acting in the course of his employment as a police officer for the governmental defendants.

9. The defendant, City of New Castle, Indiana, is a duly constituted municipal corporation, and at all times herein relevant the employer of the defendant, Aaron Strong.

10. The defendant, City of New Castle Police Department, is the policing authority for the defendant, City of New Castle, Indiana, created in accordance with Indiana statutes for the purpose of enforcing the law and preserving public peace and order.

11. On August 18, 2019, at approximately 1:30 a.m., the plaintiff was walking westwardly on Woodward Avenue in the City of New Castle, Indiana.

12. At the same time and place a New Castle Police Department patrol car occupied by New Castle police officer Chase Koger and Knightstown police officer Jake Nicholson was also proceeding westwardly on Woodward Avenue, approaching the plaintiff from the east.

13. As the patrol car neared the plaintiff, it was brought to a stop by the officers who then got out of the vehicle, at which time the plaintiff began to run.

14. Officer Koger then gave chase on foot, but after he had ran about three blocks, the plaintiff obeyed the officer's command to stop and surrendered.

15. During the course of the incident, New Castle Police dispatch was alerted as to the situation, and other police officers began to respond, including defendant Strong, who arrived on the scene after the plaintiff had surrendered.

16. As the plaintiff was lying prone on the ground in the process of being handcuffed, defendant Strong approached the plaintiff with a collapsible baton and began to hit him with it, striking him over twenty times, inflicting serious injuries to his head, jaw, arms and back.

17. After the beating imposed by defendant Strong, the plaintiff was formally arrested and charged, then removed to the Henry County Memorial Hospital where he was examined briefly and returned to the jail, where he remained for four months without any further medical treatment of any kind, including medications, for his injuries.

18. Joshua Lee West sustained severe and permanent injury, scarring and bruising, pain and mental anguish.

## PARAGRAPH ONE

The plaintiff, Joshua Lee West, now comes before the Court and for cause of action against the defendant, Aaron Strong, states the following:

1. By this reference, the allegations of rhetorical paragraphs of one through eighteen set forth under the designation "General Allegations" of this complaint are reiterated and incorporated herein as if said allegations were set forth in this Paragraph One in their entirety.

2. The actions of the defendant, Aaron Strong, were performed under color of law.

3. The actions of the defendant constitute excessive force, and directly and proximately caused the plaintiff, Joshua Lee West, to be deprived of his right to be secure in his person from unreasonable seizures as guaranteed by the Fourth Amendment to the United States Constitution.

4. The actions of the defendant directly and proximately infringed the right of the plaintiff, Joshua Lee West, not to be deprived of life, liberty or property without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

5. As a direct and proximate result of the actions of the defendant, the plaintiff has sustained severe personal injury, pain and agony, psychological trauma, emotional injury and substantial personal damages and loss.

6. In accordance with 42 U.S.C. §1988, plaintiff is entitled to an award of the attorney fees and expenses incurred in the presentation of his claims.

7. By reason of the facts herein alleged, the plaintiff is entitled to judgment against the defendant, Aaron Strong, in such amount as will reasonably compensate him for damages sustained as a result of the negligence of the defendants, for attorney fees, for the costs of this action, and for all other proper relief in the premises.

WHEREFORE, the plaintiff, Joshua Lee West, prays for judgment against the defendant, Aaron Strong, in such amount as will reasonably compensate him for damages sustained as a result of the actions of the defendant, for attorney fees, for the costs of this action, and for all other proper relief in the premises.

## PARAGRAPH TWO

The plaintiff, Joshua Lee West, now comes before the Court and for second cause of action against the defendants, City of New Castle, Indiana, and City of New Castle Police Department, states the following:

1. By this reference, the allegations of rhetorical paragraphs of one through eighteen set forth under the designation of "General Allegations" of this complaint are reiterated and incorporated herein as if said allegations were set forth in this Paragraph Two in their entirety.

2. The defendants, City of New Castle, Indiana, and City of New Castle Police Department, have an ongoing policy, practice and custom of failing to supervise and control their police officers so as to ensure that the behavior of such police officers does not extend beyond purported standards of proper conduct or infringe the legally protected rights of individuals subject to their jurisdiction and affected by such behavior.

3. The defendants, City of New Castle, Indiana, and City of New Castle Police Department, have an ongoing policy, practice and custom of failing to impose adequate discipline on their police officers when presented with a known pattern of misconduct by the officers employed by City of New Castle, Indiana, and City of New Castle Police Department.

4. The above described policies, practices and customs demonstrated a deliberate indifference on the part of the policy makers of the defendants, City of New Castle, Indiana, and City of New Castle Police Department, to the constitutional rights of persons within City of New Castle, and were a proximate cause of the violations of Joshua Lee West's rights as alleged herein.

5. Such policies, practices and customs of the defendants, City of New Castle, Indiana, and City of New Castle Police Department, directly and proximately caused the plaintiff, Joshua Lee West, to be deprived of his right to be secure in his person from unreasonable seizures as guaranteed by the Fourth Amendment of the United States Constitution.

6. Such policies, practices and customs of the defendants, City of New Castle, Indiana, and City of New Castle Police Department, directly and proximately caused the plaintiff, Joshua Lee West, of his right not to be deprived of life, liberty or property without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

7. In accordance with 42 U.S.C. §1988, plaintiff is entitled to an award of the attorney fees and expenses incurred in the presentation of his claims.

8. As a direct and proximate result of the actions of the defendants, the plaintiff has sustained severe personal injury, pain and agony, psychological trauma, emotional injury and substantial personal damages and loss.

9. By reason of the facts herein alleged, the plaintiff is entitled to judgment against the defendants, City of New Castle, Indiana, and City of New Castle Police Department, and each of them, in such amount as will reasonably compensate plaintiff for the damages sustained by the acts of said defendants.

WHEREFORE, the plaintiff, Joshua Lee West, prays for judgment against the defendants, City of New Castle, Indiana, and City of New Castle Police Department, in such amount as will reasonably compensate him for damages sustained as a result of the negligence of the defendants, for attorney fees, for the costs of this action, and for all other proper relief in the premises.

## PARAGRAPH THREE

Comes now the plaintiff, Joshua Lee West, by counsel, and for third cause of action against the defendants, Aaron Strong, City of New Castle, Indiana, and City of New Castle Police Department, alleges and says:

1. By this reference, the allegations of rhetorical paragraphs of one through eighteen set forth under the designation "General Allegations" of this complaint are reiterated and incorporated herein as if said allegations were set forth in this paragraph Three in their entirety.

2. The actions of the defendant Strong in beating the already subdued plaintiff were conducted with the intent to inflict physical harm upon him, and constitute assault, battery, negligent and intentional infliction of emotional distress under Indiana law.

3. The defendants, Aaron Strong, City of New Castle, Indiana, and City of New Castle Police Department are liable for plaintiff's injuries and damages.

4. The defendants, City of New Castle, Indiana, and City of New Castle Police Department, are vicariously liable for the plaintiff's injuries and damages by operation of the doctrine of *respondeat superior*.

5. By reason of the facts herein alleged, the plaintiff, Joshua Lee West, is entitled to judgment against the defendants, Aaron Strong, City of New Castle, Indiana, and City of New Castle

Police Department, and each of them, in such amount as will reasonably compensate plaintiff for the damages sustained by the acts of said defendants.

WHEREFORE, the plaintiff, Joshua Lee West, prays for judgment against the defendants, Aaron Strong, City of New Castle, Indiana, and City of New Castle Police Department, in such amount as will reasonably compensate him for damages sustained as a result of the negligence of the defendants, for attorney fees, for the costs of this action, and for all other proper relief in the premises.

SADLER LAW OFFICE

/s/ David G. Sadler
David G. Sadler #21390-33
402 South Main Street
New Castle, Indiana 47362
Telephone: (765) 529-3501
Facsimile: (765) 529-3536


THE CROSS LAW FIRM, P.C.

/s/ P. Gregory Cross
P. Gregory Cross #3448-18
315 East Charles Street
Muncie, Indiana 47305
Telephone: (765) 747-1953
Facsimile: (765) 747-1991


ATTORNEYS FOR PLAINTIFF